### James M'Hugh, Petitioner.

The court of common pleas have no authority, under § 2 of the bastardy act (Rev Sts. *c.* 49), upon the withdrawal of the sureties in the bond, to order the defendant to be committed as upon a surrender by bail; but only to order him to give a new bond, and to stand committed until he comply with the order.

THE petitioner had been brought before the police court on the complaint of Bridget McMarriman, under the bastardy act, (Rev. Sts. *c.* 49,) and had given bond in pursuance of the act to appear at the court of common pleas. After a default, but before a final decree, he was surrendered in that court by his sureties, the bond discharged, and the petitioner committed as upon surrender by bail. After this commitment, the court passed the final decree of affiliation and support in the usual form, but no steps were taken to enforce the decree, and the petitioner was not committed for noncompliance with it.

At the expiration of ninety days of imprisonment, the petitioner applied for the benefit of the poor debtor's oath ; but was refused by the justices, on the ground, that they were only authorized by statute (Rev. Sts. *c.* 49, § 5) to administer the oath, in these cases, to "any man who shall have

been imprisoned ninety days, for having failed to comply with any order of the court;" that the petitioner was not committed for non-compliance with any order, but, as appeared by the warrant, peremptorily upon surrender of bail.

The petitioner then applied to the supreme judicial court, for a writ of *habeas corpus;* but the judge, to whom the application was made, held, that, the petitioner having been committed by legal process, this was not one of the cases in which the writ was demandable *of right,* and in the exercise of his discretion he refused to grant it.

The petitioner then applied to the court of common pleas for a discharge from custody, on the ground, that he was committed by order of that court, upon a surrender by bail, and had been in custody more than the thirty days limited by statute for the detention of persons so committed in civil causes. The court refused his petition on the ground of a want of jurisdiction.

The petition was afterwards brought before the full bench of this court, and was argued by *R. H. Dana, Jr.,* and *F. E. Parker,* for the petitioner.

FLETCHER, J. The Rev. Sts. c. 49, § 1, after providing that the putative father may be brought by a warrant before a justice of the peace, adds, that the said justice, " after hearing him in his defence, may require him to give bond, with sufficient sureties, to appear and answer to the said complaint, at the next court of common pleas, and to abide the order of court thereon, and may order him to be committed, until such bond shall be given." The second section provides, "that if the sureties in the bond shall, at any term of said court, object to being any longer held liable, or if the court shall, from any cause, deem it proper, the court may order a new bond to be taken ; and the defendant shall stand committed until he give such new bond."

This is a statute provision for a bond; it is distinct from bail, which is a matter of common law, and it is only regulated by statute. Upon the withdrawal of the sureties, the court may order a new bond to be given, and the defendant

to be committed for non-compliance with the order. But the court below treated this as a surrender by bail; and issued a peremptory warrant, without requiring or authorizing the defendant to give a new bond. For such a warrant the court below had no legal authority. On this ground, therefore, we are clearly of opinion that the petitioner was illegally committed, and that the writ must be granted.

But, even if the court below had followed the requirements of the statute, the commitment would. only have been for non-compliance with the order to give a new bond. This bond, and the commitment of the defendant for want thereof, being only preliminary, and to secure his appearing and abiding the orders of the court, are superseded by the final decree.

How long after such a decree the defendant may be retained in confinement, there is nothing in the statute to determine; but as this is essentially a civil proceeding, we are of opinion, that it must be governed by the analogy of other civil cases. The period of imprisonment must be such as, judged by this analogy, would be reasonable. What would be the reasonable limit of imprisonment in such a case, the court is not called upon to decide ; but the period of one hundred and fifty days, for which the prisoner has been imprisoned, is clearly unreasonable ; and, on this ground, independently of the former, the court would have granted the writ.

On the return of the writ, the petitioner was discharged.